Court will now call Heeple v. Henderson. I want to mention that Justice Chapman is participating in this case. She's not available to be here today. She will read the briefs and listen to the arguments, so please be careful when you speak up so that the audio picks up everything you say. Counsel, you may proceed. May it please the Court, Counselor. My name is Lawrence O'Neill and I represent William Henderson in this matter. This is a direct appeal following a jury trial where Mr. Henderson was found guilty of unlawful possession of a weapon by the felon, which was enhanced from a Class III felony to a Class II felony for his having a prior domestic battery of the subsequent offense conviction. I ask this Court to vacate the Class II felony conviction and impose a Class III felony version of the offense. The unlawful possession of a weapon by a felon offense in Count 1 was enhanced from a Class III to a Class II because the sentencing provision for that offense provides for the enhancement of the offense if the defendant had been previously convicted of a forcible felony. However, Mr. Henderson's prior domestic battery, subsequent offense conviction, does not constitute a forcible felony under the statutory definition of forcible felony. An offense meets the statutory definition of forcible felony under the statute in one of two ways. First, the offense is one of the 14 enumerated offenses listed in the statute, or secondly, the prior offense qualifies under the residual clause of the statute, which states that any other felony which involves the use or threat of physical force or violence against an individual. Because domestic battery is not one of the 14 enumerated offenses listed in the statute's definition of forcible felony, domestic battery could only be considered a forcible felony under the residual clause. The recent First District's decision in People v. White provides guidance here. The White Court held that domestic battery is not inherently a forcible felony under the residual clause. In so holding, the White Court considered the legislative history of the statute. Prior to 1990, the forcible felony definition statute provided that all aggravated batteries constitute a forcible felony. However, in 1990, the legislature amended the statute by adding the phrase, resulted in great bodily harm or permanent disability or disfigurement to follow aggravated battery. This amendment changed the definition of forcible felony, which it had included all aggravated batteries, to a definition that included only those that resulted in great bodily harm or permanent disability or disfigurement. Domestic battery only requires a defendant cause bodily harm. The White Court observed that if domestic battery conviction resulted only in bodily harm constituted a forcible felony, the legislature's intent of limiting aggravated batteries to only those that result in great bodily harm or permanent disfigurement or disability would be thwarted and the amendment rendered meaningless because the legislature has excluded aggravated batteries that involve only bodily harm and domestic battery only involves bodily harm. As such, the amendment of the statute indicates that the legislature did not intend for domestic battery to fall inherently under the residual clause as a forcible felony. However, the state argues here and the White Court noted that domestic battery may constitute a forcible felony under the residual clause of the statute. The White Court observed that to meet the statutory definition of forcible felony under the residual clause, the record must show that the specific circumstances of the prior domestic battery conviction involved the use or threat of physical force or violence against an individual. Thus, under White, a prior domestic battery is not a forcible felony under the residual clause when the state does not present sufficient evidence that involved the threat or use of force or violence. In this case, and the evidence regarding Mr. Henderson's prior domestic battery conviction, the state presented no evidence at all. The state presented in proving that Mr. Henderson had a prior domestic battery, the state presented certified copies of the indictment in the 2007 Madison County case of domestic battery's subsequent offense. It alleged bodily harm. The judgment order of the conviction, which was also submitted, indicated that Mr. Henderson had pled guilty to the Class IV felony of domestic battery for having a subsequent offense. However, the factual basis was not presented. Thus, there was insufficient evidence presented surrounding Mr. Henderson's prior domestic battery conviction to find that it qualifies as a forcible felony under the residual clause of the statute. Now, the White Court held, when it analyzed whether domestic battery is a forcible felony, that one, it is not inherently a forcible felony. And secondly, when the state does not present sufficient circumstances surrounding the prior domestic battery, it does not qualify as a forcible felony under the residual clause. And that's what we have here. Therefore, under White, this Court should vacate Mr. Henderson's Class III felony, which included the finding of forcible felony of the domestic battery, and impose a Class II version of the offense, which does not include the forcible felony element of the offense. Are there any questions, Your Honors? Thank you. Do we have an opportunity for a rebuttal, counsel, or an appeal? May it please the Court? Mr. O'Neill? The residual clause states as follows. Any other felony which involves the use or threat of physical force or violence against an individual may aggravate the offense. What counsel discusses here today deals with the minimum standard for domestic violence. I'm sorry, domestic battery. When he refers to bodily harm, what he's talking about is the minimum standard required. And this is why, in White, they set as an alternative way to prove that this can be elevated from a Class III to a Class II. The state may demonstrate that domestic battery may be demonstrated by the facts of the case, right? So what we've got here is a situation where counsel knew this. And what counsel did not want throughout the proceedings in this case is defense counsel didn't want the jury to hear about physical force or violence. And this is demonstrated pretrial, at trial, and then during the jury instructions. This is classic affirmative equity essence. This is something that counsel does not discuss in his opening brief. And, in fact, on several pages of counsel's opening brief, they said, properly applying rules of statutory construction, domestic battery, subsequent offense is not a forcible felony under Section 2-8. This court, therefore, must reverse. Again, on page 13, Mr. Henderson was not eligible for a Class II conviction and sentence in count one because his prior conviction of domestic battery, subsequent offense, does not fall within 2-8 residual clause. That is untrue. Why? Because we know from the truth of the factual basis of this case that if the evidence was presented of his domestic battery in this case, it would clearly fall under the residual clause of 2-8. So what happened in the defendant's opening brief was essentially the argument was domestic battery is not a forcible felony, period. The state's response was, but it can be a forcible felony under the residual clause when the evidence is presented. So then the question becomes, well, why wasn't it presented? The state's response is because the defendant did not want it presented to the jury because, as any intelligent defense counsel would contemplate, the fact that these issues are presented to the jury are going to prejudice his claim. It's classic trial strategy. In their reply brief, the defendant all but concedes this issue and, in fact, points out on page two of the reply brief that Mr. Henderson, quote, in Exhibit 37 below, stipulated to the factual basis and waived PSI. So as to whether the issue that was ultimately taken judicial notice of by this court in motions prior to this oral argument, the factual basis of what happened as part of the domestic battery that elevated this from a Class III to a Class II is really not in dispute. And it clearly involved the use or threat of physical force or violence against an individual. I'm not going to waste this court's time by going through the details of what that entails, but I don't think it's arguable that involved use of force or threat of force involving the earlier domestic battery. So basically what we were left with is a single issue in this case, and it's very simple. The answer is, can domestic battery elevate this crime from a Class III to a Class II? The answer unequivocally is yes, it can. The only question that we're left with is, was that presented in this case? The answer to that question is no. Then the question is why? And the answer to that is because the defendant didn't want to present it. And he didn't want to present it because it was going to make him look bad. And as you can see by the details of the police report and so forth, that was a smart, tactical trial decision on the part of defense counsel. The issue, the second issue that counsel didn't discuss at opening was this issue of misdemeanor versus felony. White talks about that and unequivocally rejects it in a footnote and says, basically, we categorically reject defendant's assertion that his prior domestic battery conviction was a misdemeanor, which was only enhanced to a felony for sentencing purposes as a result of an earlier domestic battery conviction. We adhere to this court's recent determination that where a defendant had committed his second offense of domestic battery, he could not be charged with or convicted of any less than a felony. That's the case here. And, in fact, a recent Seventh Circuit case picks up on White for this proposition, and that is People v. Waters, 2016, WL3003352. Does the court have any other questions? No questions? No. Any further? Your Honor, as I admit that White Court held that domestic battery may be a forcible felony if the circumstances are presented to show that prior domestic battery involved physical force or violence against the individual. What I was providing on the White Court is, one, that the court found that it is not inherently a forcible felony. And, secondly, the White Court held that if there's no facts to establish that it was a forcible felony, then the prior conviction does not qualify as a forcible felony under the residual clause. And that's what we had here. There was no facts presented. And counsel talks about the invite-of-error doctrine. And I submitted to this court that it is not so clear that the defense counsel was objecting to the presentation of facts of the prior domestic battery. Obviously, it was in his interest to keep that evidence away from the jury. But the way the matter came up was the prosecutor at the trial asked the judge, how am I going to prove this prior domestic battery with the forcible felony? And he said, I don't think that I can get into the details of the case because that would be too prejudicial. The judge said, no, you're correct. And then there was more discussion about how it would be presented to the jury. And defense counsel then said, well, I would like some discovery on this if the facts surrounding the prior domestic battery are presented. So the point is that the prosecutor and the judge had already presented a rule, the judge ruled, that the considerable facts about the prior domestic battery would not go in before defense counsel interjected. And what he wanted was the discovery pertaining to it. So the invited error doctrine requires an unambiguous objection to the evidence. And under this record, I don't think that we can find, your Honor, we can find that there was an unambiguous objection to the evidence to bring in the invited error doctrine applicable to this case. Furthermore, the prosecutor did not introduce and offer proof as to what evidence he would present regarding the prior domestic battery. And finally, counsel mentions a police report that was, he filed a motion to supplement the police report that was made pertaining to the prior domestic battery. As I stated in my reply brief, I urge this court to not consider that one, police report is inadmissible hearsay. And secondly, that the state did not use documents after the trial to retroactively prove an element of the case. So I ask this court to not consider the police report. And without the police report, and as this record stands before this court, there is insufficient evidence to find that the prior domestic battery involved physical force of violence against an individual. Therefore, it does not constitute a forcible felony under the residual statute. Any further questions, your honors? Thank you. Thank you, counsel. I take this matter under advisement and issue a decision in due course.